No. 14,358.

LOUIS FRANK ET ALS. VS. EMILE FRANK, ADMINISTRATOR.

SYLLABUS.

The bill of exceptions taken by plaintiff to the ruling of the court, rejecting evidence offered to prove that the judgment of one of the opponents was for a community debt was well taken. It was not offered for the purpose of enlarging or diminishing the judgment, but to ascertain whether the debt covered by the judgment was a community debt or not. The judgment, less credits sustained by the facts, is charged to the community.

A PPEAL from the Fourteenth Judicial District, Parish of Avoyelles—*Edwards, Judge ad hoc.*

*Joseph Clifton Cappel,* for Louis Frank *et als.,* Plaintiffs, Appellees.

*William Harris Peterman,* for Emile Frank, Administrator, Defendant, Appellee.

*Joffrion & Joffrion* and *H. C. Edwards,* for A. J. Mayer, creditor, Opponent, Appellant.

The opinion of the court was delivered by BREAUX, J.

On application for rehearing by BREAUX, J.

BREAUX, J. The account of Emile Frank, administrator of the succession of Adolph Frank, was opposed on several grounds. The District Court considered these grounds after trial and rendered judgment homologating the account.

On appeal we understand that the appellant particularly complains of the judgment in so far as relates to item two of the account covering a charge against the administrator of five hundred and ninety-five and 25-100 dollars ($595.25), which should be increased, opponent contends, to the sum of seven hundred and fifty-six and 66-100 dollars ($756.66).

With reference to this claim opponent's contention is that debts contracted during the marriage are due by the community and that the debt in question was contracted during the community.

We are informed by the testimony annexed to and forming part of a bill of exceptions, which was admissible in evidence and which was in our view illegally excluded, that the wife in this case died in June,

1891; that the indebtedness was incurred by the community a year prior to her death. This excluded testimony showed what was the consideration of the judgment and the date the debt became due (the basis of the judgment) in order to ascertain whether or not it had been contracted during the existence of the community. The District Court excluded this testimony on the ground that it was verbal and that it could not be admitted to affect the judgment. We think this objection is met by a decision cited *infra*, in which the court held, that a bill of exceptions taken by the plaintiff to the ruling of the court in admitting evidence to prove that a judgment was for a community debt, was not well taken. The court said that it was not received for the purpose of enlarging or diminishing the judgment, but to ascertain a fact raised in the pleadings, to-wit: whether the debt on which the judgment was found was a community debt or not. Baird vs. Lemee, 23 Ann. 424.

This is precisely the issue before us for decision. The testimony showed that it was a community debt. Although the testimony was excluded in the lower court it is properly before us in accordance with agreement of counsel. This enables us to decide the issues without remanding the case to admit the testimony which was excluded, as before stated. Frank et als. vs. Frank.

There is also a question regarding the amount of the claim which item two, before referred to, covers. The administrator was originally charged with five hundred and ninety-five and 25-100 dollars ($595.25). The judgment of the District Court increased the amount to six hundred and twelve dollars ($612.00), added the sum to the amount of the inventory.

The following explains the error. A judgment in evidence shows that the indebtedness was originally the sum of nine hundred and twenty-two and 25-100 dollars ($922.25), and that this sum is subject to a credit of one hundred and sixty-five and 75-100 dollars ($165.75), thus reducing the amount due to seven hundred and fifty-six and 50-100 dollars ($756.50).

The judgment is the highest evidence of the debt (and in the absence of other evidence), of the credit to which the party indebted is entitled. Correction is made to correspond with the terms of this judgment.

Other questions were presented, but we do not take it that they are insisted upon. Our examination has not led us to the conclusion that even if they had all been pressed the result would have been different.

For reasons assigned, the judgment appealed from is amended by

increasing item two of the account wherein the administrator charged himself with five hundred and ninety-five and 25-100 dollars ($595.25) (being proceeds of judgments collected by him) to the sum of seven hundred and fifty-six and 50-100 dollars ($756.50).

It is further ordered and adjudged that the judgment owned by appellant for principal sum of $400.00 is further amended by decreeing that it is due by the community which existed between Adolph Frank and Caroline Gaspard, his wife, both deceased.

It is further ordered and adjudged that the judgment of the District Court be amended so as to recognize the judgment in favor of appellant (for the principal sum of $400.00), with interest as due by the community which existed between Adolph Frank and Caroline Gaspard, his wife, both deceased. (See reasons on rehearing.)

It is further ordered, adjudged, and decreed that appellees pay costs of appeal.

ON APPLICATION FOR REHEARING.

BREAUX, J.   On rehearing, the decree is amended by more specifically setting forth that the second ground of opposition relates to an independent item.

As to this item appellant asked that the administrator be charged with the amount of the certain judgment of which he is the owner, obtained by George L. Mayer against Adolph Frank, and being for the principal sum of four hundred dollars with eight per cent. interest from November 3rd, 1883, and that the judgment be recognized as a debt of the community between Adolph Frank and his deceased wife, Caroline Gaspard. Appellant's claim is unquestionably a debt.

The opinion handed down is changed so as to make it appear beyond all question that the judgment obtained by George L. Mayer against Adolph Frank, as above detailed and revived in the name of Alfred J. Mayer, appellant, being No. 7098 of the docket of the Tenth Judicial District Court of Louisiana, be recognized as before indicated and the administrator is ordered to place this claim on his account as due as before mentioned. As this amendment involves a mere matter of detail and as appellee does not object to its being made without further argument, we therefore dispose of the matter finally at this time.

It is ordered and decreed that the opinion and decree heretofore handed down be and the same is hereby amended so as to conform to the foregoing.

As amended, the judgment heretofore handed down is affirmed.

Rehearing refused.